IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK ALLEN JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4690 |
| | § | |
| FORT BEND COUNTY COMMUNITY | § | |
| SUPERVISION AND CORRECTIONS | § | |
| DEPARTMENT, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Patrick Allen Jones, proceeding *pro se* and *in forma pauperis*, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody challenging his state court conviction (Docket Entry No. 1). Pending before the court is Respondent Fort Bend County Community Supervision and Correction Department's Motion for Summary Judgment with Brief in Support (Docket Entry No. 10), to which petitioner has not responded. For the reasons set forth below, the court will grant respondent's motion for summary judgment and deny petitioner habeas corpus relief.

**I.   Procedural History and Claims**

On July 10, 1998, after a jury found him guilty of the second-degree felony offense of sexual assault, Jones was sentenced to two

years in prison, probated for ten years, pursuant to the judgment of the 400th District Court of Fort Bend County, Texas, in Cause No. 29,583.

Jones filed a state application for a writ of habeas corpus alleging ineffective assistance of counsel and requesting that he be allowed to file an out-of-time appeal. The state district court denied the motion, and the Fourteenth Court of Appeals affirmed the trial court's denial of relief in an unpublished opinion. Jones v. State, 2000 WL 19149 (Tex. App. -- Houston [14th Dist.] 2000, pet. granted). The Texas Court of Criminal Appeals reversed and remanded on the issue of Jones' claim for an out-of-time appeal. Jones v. State, 98 S.W.3d 700 (Tex. Crim. App. 2003).

In his out-of-time appeal that followed Jones challenged the sufficiency of the evidence used to convict him, asserted that the jury charge was defective, contended that the statute under which he was convicted was applied *ex post facto* and was void for vagueness, and claimed that he was deprived of effective counsel during trial. Jones v. State, 2004 WL 438676 (Tex. App. -- Houston [14th Dist.] 2004, pet. ref'd). On March 11, 2004, the Fourteenth Court of Appeals affirmed the judgment of the trial court. Id.

Jones filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on December 14, 2004. (Docket Entry No. 1) In his petition Jones alleged the following grounds for relief:

-2-

(1) The trial court failed to properly define the term "mental health services provider" in the jury charge;

(2) section 22.011 of the Texas Penal Code is void for vagueness at the time the alleged offense was committed;

(3) Jones' conviction violates the *ex post facto* doctrine; and

(4) Jones was denied the effective assistance of counsel at trial because his counsel: (1) failed to request a definition of the term "mental health services provider;" (2) failed to raise an objection to the phrase ". . . to wit, a nurse" **in the indictment**; (3) failed to prepare petitioner for trial; and (4) attempted to have the term "licensed vocational nurse" inserted as a "mental health services provider."

Id. at pages 6-11.

Respondent moves for summary judgment arguing that the term "mental health services provider" was not improperly defined in the jury charge, section 22.011(b)(9) of the Texas Penal Code is not void for vagueness, Jones' conviction does not violate the *ex post facto* doctrine, and Jones was not denied effective assistance of counsel at trial.

## II.   Motion for Summary Judgment

**A.   Summary Judgment Standard of Review**

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. The moving party is entitled to judgment as a matter of law if there is no genuine

issue as to any material fact. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. FED. R. CIV. P. 56(e); Celotex, 106 S. Ct. at 2552. The movant must meet this burden by presenting evidence in the record showing that the non-movant cannot carry his burden of proof at trial. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial. Id. If the non-movant is unable to meet this burden, then the motion for summary judgment will be granted. FED. R. CIV. P. 56(c).

**B.   AEDPA Standard of Review**

Petitioner's habeas corpus petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to non-capital habeas corpus petitions filed after April 24, 1996. Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997); Green v. Johnson, 116 F.3d 1115, 1119 (5th Cir. 1997). Under the AEDPA federal relief cannot be granted on claims already adjudicated on the merits in state court unless the adjudication of the claims

>     (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law established in Supreme Court cases, or if it involves a set of facts that are materially indistinguishable from a decision of the Supreme Court and arrives at a result different from the Court's precedent. Early v. Packer, 123 S. Ct. 362, 365 (2002). A state court decision unreasonably applies the Supreme Court's precedent if it identifies the correct governing legal rule from the Court's cases, but unreasonably applies it to the facts of the particular state prisoner's case. Williams v. Taylor, 120 S. Ct. 1495, 1518 (2000).

A state court decision will not be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 123 S. Ct. 1029, 1033 (2003). A federal court must presume the state court findings to be correct unless the petitioner can establish the unreasonableness of the findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also Miller-El, 123 S. Ct. at 1036. Finally, federal habeas corpus review does not extend to state court factual determinations or

conclusions and interpretations of state law. <u>Young v. Dretke</u>, 356 F.3d 616, 628-29 (5th Cir. 2004).

### III. <u>Analysis</u>

**A. Definition of "Mental Health Services Provider" in the Jury Charge**

At the time of the offense petitioner worked at a hospital as a licensed vocational nurse (LVN). He was charged with sexually assaulting a former patient of the hospital on or about June 28, 1997, under a statute stating that a sexual assault occurs when "the actor is a mental health services provider who causes the other person, who is a patient or former patient of the actor, to submit or participate by exploiting the other person's emotional dependency on the actor." TEX. PENAL CODE ANN. § 22.011(b)(9) (Vernon Supp. 1996). The statute was amended on September 1, 1997 -- after the date of the alleged offense -- to include "a mental health services provider or a health care services provider." TEX. PENAL CODE ANN. § 22.011(b)(9) (Vernon 2003).

Jones argues that the term "mental health services provider" was not properly defined in the jury charge. (Docket Entry No. 1 at page 7) Paragraphs II and III of the jury charge stated that "sexual assault is without the consent of the other person if the actor is a mental health services provider or a health care services provider. . . ." "'Health care service provider' means a licensed vocational nurse." (Clerk's Record at page 22)

Paragraph V of the charge, however, required the jury members to convict Jones of sexual assault if they believed that when he engaged in sex with the former patient he was "a mental health services provider, to wit:  a nurse in a Mental Hospital" as required by the indictment.  (Id. at 23.)

Jones argues that he was not a "mental health services provider," and therefore cannot be prosecuted under the statute applicable at the time of his alleged criminal act.  Specifically, he argues that a nurse is only a "health care services provider," and should not have been included within the definition of "mental health services provider."

At the time of the alleged offense the Texas Penal Code did not provide a definition of "mental health services" or "mental health services provider."  See TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 1996).  The term "mental health services provider" was not defined until 1999, when it was determined to mean "an individual, licensed or unlicensed, who performs or purports to perform mental health services."  TEX. PENAL CODE ANN. § 22.011(c)(4) (Vernon 2003) (amended 1999).  The amended 1999 statute states that a "mental health services provider" includes individuals such as licensed social workers, chemical dependency counselors, licensed professional counselors, licensed marriage and family therapists, clergy members, psychologists, and special officers for mental health assignments.  Id.  "Health care services provider" in the

amended statute includes licensed physicians, licensed chiropractors, licensed physical therapists, licensed physician assistants, registered nurses, vocational nurses, and licensed advanced practice nurses. Id., § 22.011(c)(3). The definition of "mental health services provider" in the statute does not expressly mention licensed vocational nurses and does not define the term "mental health services." Id., § 22.011(c)(4). Jones argues that since licensed and vocational nurses are included in the amended version of the statute under "health care services provider," but not under "mental health services provider," and because the other categories mentioned under "mental health services provider" give some form of counseling, he does not qualify as a "mental health services provider."

Jones' claim lacks merit. Jones was not convicted under the 1997 amendment to § 22.011(b)(9) of the Penal Code, but was convicted "under the version of section 22.011(b)(9) in effect at the time of the offense, relating only to 'mental health services provider.'" Jones v. State, 2000 WL 19149, at 3. The appellate court held as a matter of law that Jones was a "mental health services provider" under the version of the sexual assault statute in effect at the time of the alleged offense. Id. This claim is therefore not cognizable because federal habeas corpus review does not extend to state court decisions grounded in state law. Young, 356 F.3d at 628.

**B.     Void For Vagueness**

Jones contends that § 22.011 of the Texas Penal Code was void for vagueness at the time the alleged criminal act was committed. (Docket Entry No. 1 at page 6)  Jones argues that because the version of § 22.011 in effect at the time of the alleged offense did not define the term "mental health services provider," and did not list any employment criteria to establish who may be considered a "mental health services provider," the statute should be declared void for vagueness because it was unclear who could be prosecuted under the statute.

A penal statute is void for vagueness if it does not sufficiently define the criminal offense so that ordinary people can understand what conduct is prohibited and fails to provide standards that discourage arbitrary and discriminatory enforcement. Kolender v. Lawson, 103 S. Ct. 1855, 1858 (1983).  Furthermore, "one to whose conduct a statute clearly applies cannot challenge it for vagueness."  Parker v. Levy, 94 S. Ct. 2547, 2562 (1974).

Jones had adequate notice that he was a "mental health services provider."  He was an LVN in a mental hospital.  He delivered medications, took notations on the care of patients and had access to their records, and, as in this case, conversed with mentally ill patients.  Such activities constitute "mental health services."

Jones also received warnings and signed documents admonishing him not to engage in unprofessional conduct with patients. Jones signed a Professional Ethics Agreement promising not to become emotionally or physically involved with any patient in a way that exceeded the bounds of the therapeutic relationship and fostered an unhealthy dependency relationship. (State Court Record, Vol. 7, unnumbered page 26) In the same agreement Jones promised not to become involved in an exploitative relationship with patients or former patients. Id. Jones also signed a Patient Rights Acknowledgment stating that he must comply with facility policies and procedures regarding patient rights. (Id. at unnumbered page 30.)

As a result, Jones was clearly on notice that sexual relations with former patients was prohibited. Common sense and a plain language reading of the statute in effect at the time would allow Jones to know that he was a "mental health services provider."

There is nothing to suggest that the version of § 22.011 of the Penal Code existing at the time of the alleged offense was so vague that Jones was unable to understand what conduct was prohibited, or that the statute was arbitrarily or discriminatorily enforced against him. On the contrary, the record indicates that Jones had sufficient warnings of the impropriety of his conduct, but chose to disregard them. Moreover, because the statute clearly applied to Jones' conduct, he cannot challenge it for **vagueness.**

Parker, 94 S. Ct. at 2562. Consequently, Jones' void for vagueness claim should be dismissed.

## C. *Ex Post Facto* Doctrine

Jones asserts that his conviction violates the *ex post facto* provision of the United States Constitution because at the time of the alleged offense, § 22.011(b)(9) of the Texas Penal Code did not authorize a conviction for sexual assault committed by a "health care services provider." (Docket Entry No. 1 at page 9) Jones claims that he could not be properly convicted for such actions until the term "health care services provider" was added on September 1, 1997, and that therefore he is being punished for what was previously innocent behavior.

An *ex post facto* violation occurs when (1) a statute punishes as a crime an act that was innocent when committed; (2) a statute changes punishment and imposes a punishment that is more severe than the punishment allowed by law when the criminal act occurred; and (3) a statute deprives a defendant of a defense that was available when the act was committed. Collins v. Youngblood, 110 S. Ct. 2715, 2719 (1990); Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994).

Jones once again relies on his faulty assumption that an LVN can only be classified as a "health care services provider" and not

-11-

a "mental health services provider."[1]  As explained above, the record shows that Jones was not convicted under the 1997 amendment to § 22.011(b)(9), but was convicted under the version of § 22.011(b)(9) in effect at the time of the alleged offense.  Jones v. State, 2000 WL 19149, at 3.  Consequently, his *ex post facto* claim is not cognizable in this court.  Young, 356 F.3d at 628.

### D.  Ineffective Assistance of Counsel

In his final claim Jones asserts that he was denied the effective assistance of counsel at trial.  Specifically, Jones claims that his trial counsel (1) failed to request a definition of the term "mental health services provider;" (2) failed to raise an objection to the phrase ". . . to wit, a nurse" in the jury charge; (3) failed to prepare petitioner for trial; and (4) attempted to have the term "licensed vocational nurse" inserted as a "**mental health services provider.**"  (Docket Entry No. 1 at page 11)

In order for a claim of ineffective assistance of counsel to be credible, a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defendant.  Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).  The failure to demonstrate either deficient performance or actual

---

[1] A licensed vocational nurse like Jones working in a psychiatric hospital is both a "health care services provider" and a "mental health services provider."

prejudice is fatal to a claim of ineffective assistance of counsel. Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir. 1998).

To satisfy the first prong of Strickland the defendant must show that counsel's representation fell below an objective standard of reasonableness prevailing at the time counsel rendered performance. Bryant v. Scott, 28 F.3d 1411, 1414 (5th Cir. 1994). A defendant does not have the right to perfect or errorless representation. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986). Furthermore, judicial scrutiny of counsel's performance must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate performance. Strickland, 104 S. Ct. at 2065; West v. Johnson, 92 F.3d 1385, 1400 (5th Cir. 1996). In addition, in order to avoid second-guessing counsel's actions after-the-fact, every effort must be made to eliminate the "distorting effect of hindsight." Strickland, 104 S. Ct. at 2065.

To satisfy the second prong of Strickland the defendant must show that there is a reasonable probability that if not for counsel's errors, the result of the trial would have been different. Id. at 2068. The prejudice inquiry focuses on whether counsel's performance renders the result of the trial fundamentally unfair. Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993). Unfairness does not result if the deficiency of counsel does not

deprive the defendant of any substantive or procedural right to which the law entitles him. Id.

Jones contends that his counsel should have requested a definition of "mental health services provider" and should have objected to the phrase in the indictment stating that a "mental health services provider" is "to wit, a nurse at a Mental Hospital." Neither claim has merit because Jones has not explained what valid legal definition or objection his attorney failed to request or make, or how the failures to do so prejudiced Jones.

Jones' third contention, that his counsel failed to adequately prepare him for trial, is too speculative to overcome the strong presumption that his counsel performed effectively. Strickland, 104 S. Ct. at 2065; West, 92 F.3d at 1400.

Finally, Jones claims that his counsel was ineffective for "attempt[ing] to have the term licensed vocational nurse" inserted into the jury charge as a "mental health services provider." Jones argues that this shows that his counsel did not have a firm command of the law or facts of the case. However, Jones provides no further explanation as to how his counsel's request was legally deficient or how it prejudiced him.

The court concludes that Jones has failed to show any deficiency on the part of his counsel or that such a deficiency was so prejudicial that there was a reasonable probability that but for counsel's error, the outcome of the trial would have been

-14-

significantly different.  Consequently, Jones' claims of ineffective assistance of counsel are not persuasive.  <u>Strickland</u>, 104 S. Ct. at 2064.

## IV. <u>Conclusion and Order</u>

Because Jones' claims that an improper definition of "mental health services provider" was included in the jury charge, that the statute he was convicted under was applied *ex post facto* and was void for vagueness, and that his counsel was ineffective all lack merit, Respondent Fort Bend County Community Supervision and Correction Department's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 17th day of June, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE